UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACOB T. WESTLIN,

      Plaintiff,

 v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

      Defendant.

Case No. 3:14-cv-05299-KLS

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

  Plaintiff has brought this matter for judicial review of defendant's denial of his application for supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be reversed and this matter should be remanded for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

  On January 28, 2010, plaintiff filed an application for SSI benefits, alleging disability as

ORDER - 1

of September 1, 2000. *See* Dkt. 9, Administrative Record ("AR") 29. That application was denied upon initial administrative review on April 25, 2010, and on reconsideration on June 17, 2010. *See id.* A hearing was held before an administrative law judge ("ALJ") on May 1, 2012, at which plaintiff's counsel appeared, and at which a vocational expert appeared and testified, but at which plaintiff himself did not appear. *See* AR 78-97. At that hearing, plaintiff's counsel amended the alleged onset date of disability to January 28, 2010. *See* AR 83-84. A second hearing was held before the same ALJ on July 25, 2012, at which plaintiff, represented by counsel, appeared and testified, as did a different vocational expert. *See* AR 48-77.

In a decision dated August 6, 2012, the ALJ determined plaintiff to be not disabled. *See* AR 29-41. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on February 6, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1; 20 C.F.R. § 416.1481. On April 15, 2014, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3. The administrative record was filed with the Court on June 23, 2014. *See* Dkt. 9. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred: (1) in evaluating the medical evidence in the record; (2) in discounting plaintiff's credibility; (3) in rejecting the lay witness evidence in the record; (4) in assessing plaintiff's residual functional capacity; and (5) in finding plaintiff to be capable of performing the jobs of janitor, laundry worker 2, dishwasher and mail clerk in light of the reaching limitation with which the ALJ assessed plaintiff. Plaintiff further argues additional evidence submitted to the

ORDER - 2

Appeals Council warrants reversal and remand for further administrative proceedings. For the reasons set forth below, the Court agrees the ALJ erred in finding plaintiff could perform the above jobs in light of the reaching limitation with which he assessed plaintiff, and therefore in determining plaintiff to be not disabled. Also for the reasons set forth below, however, the Court finds that while defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

## DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld.

ORDER - 3

*Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. *See id.* If a disability determination "cannot be made on the basis of medical factors alone at step three of that process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 *2. A claimant's residual functional capacity ("RFC") assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *See id.*

Residual functional capacity thus is what the claimant "can still do despite his or her limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *See id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." Id. In assessing

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 4

a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ in this case assessed plaintiff with a residual functional capacity containing the limitation that he could perform work not requiring more than occasional reaching with his left non-dominant extremity. *See* AR 34. If a claimant cannot perform his or her past relevant work at step four of the sequential disability evaluation process, at step five thereof the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). *Tackett*, 180 F.3d at 1100-1101; *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000).

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. See *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." *Id.* (citations omitted).  The ALJ, however, may omit from that description those limitations he or she finds do not exist. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

At the second hearing, the ALJ posed a hypothetical question to the vocational expert containing the same reaching limitation noted above. *See* AR 72. In response to that question, the vocational expert testified that an individual with that limitation would be able to perform the

ORDER - 5

jobs of janitor, laundry worker 2, dishwasher and mail clerk. *See* AR 72-73. Based on the testimony of the vocational expert, the ALJ found plaintiff would be capable of performing other jobs existing in significant numbers in the national economy. *See* AR 40-41. But as pointed out by plaintiff, the Dictionary of Occupational Titles ("DOT") describes each of those jobs as requiring the ability to reach at least frequently. *See* DOT 381.687-018, 1991 WL 673258; DOT 361.685-018, 1991 WL 672987; DOT 318.687-010, 1991 WL 672755; DOT 209.687-026, 1991 WL 671813.

The ALJ may rely on vocational expert testimony that "contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). The ALJ, furthermore, has the affirmative responsibility to ask the vocational expert about possible conflicts between his or her testimony and information in the DOT. *See Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999); SSR 00-4p, 2000 WL 1898704. Thus, before relying on evidence obtained from a vocational expert to support a finding of not disabled, the ALJ is required to "elicit a reasonable explanation for any discrepancy" with the DOT. *Haddock*, 196 F.3d at 1087; SSR 00-4p, 2000 WL 189704 *1. The ALJ also must explain in his or her decision how the discrepancy or conflict was resolved. *See* SSR 00-4p, 2000 WL 189704 *4.

Although the ALJ asked the vocational expert at the second hearing to inform him if her testimony conflicted with the DOT, the vocational expert never did so. *See* AR 69-77. Nor did the ALJ ever elicit an explanation for that conflict or resolve the discrepancy in his decision. *See* AR 40-41. As such, the Court agrees with plaintiff that the ALJ erred in relying on the vocational expert's testimony to find plaintiff could perform the four jobs the vocational expert identified. Indeed, defendant does not contest this error. That error is not harmless, furthermore, given that a

ORDER - 6

limitation to occasional reaching – even with the non-dominant upper extremity only – certainly could significantly impact plaintiff's ability to perform those jobs.

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because as discussed above issues still remain concerning plaintiff's ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of that issue is warranted.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is REVERSED and this matter is REMANDED for further administrative proceedings in accordance with the

ORDER - 7

1 findings contained herein.

2    DATED this 26th day of March, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER - 8